UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 4:20CR569-HEA |
| | ) | |
| BRYANT TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM, AND ORDER

This matter is before the Court on Defendant Bryant Taylor's Motion for

Compassionate Release under 18 U.S.C. § 3582, [Doc. No. 144]. For the reasons

set forth below, the Motion is denied.

## BACKGROUND

Following a guilty plea, Defendant was convicted of Possession of a Firearm

in Furtherance of a Drug-Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)

and (c)(1)(A)(i); Distribution of a Mixture Containing Fentanyl and Heroin, in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and Possession with Intent to

Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). [Doc.

No. 112]. The Court imposed a sentence of a total of 120 months in prison,

predicated on a total offense level of 23 and a criminal history category of II.

Defendant is currently serving his sentence at Springfield MCFP and has a

1

projected release date of May 19, 2029.  *See Inmate Locator*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/?os=vb.&ref=app (last visited July 20, 2026).

Defendant moves for compassionate release arguing that:  (1)  he had been rehabilitated and was ready to reenter society; (2) he was suffering from depression and anxiety and had "foreign lumps in [his] chest and neck" that had "no definitive prognosis" or diagnosis; and (3) his mother was "suffering from thyroid eye disease and diabetes" and that "[i]t [was] very important for [him] to be there for her and to assist her as she deals with these serious health challenges."  [Doc. No. 144].  In support of his motion, Defendant attached a medical "procedure report," which states that his condition is stable, and an "Inmate Education Data Transcript."  [Doc. Nos. 144-1, 144-2].

## DISCUSSION

Sentences are final judgments, meaning a court ordinarily "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  The First Step Act (FSA), passed by Congress in 2018, is an exception to the finality of sentences.  Pub. L. No. 115-391, 132 Stat. 5194 (2018).  In relevant part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file motions with the court seeking compassionate release.  Compassionate release provides a narrow path for defendants with "extraordinary and compelling

reasons" to leave prison early.  18 U.S.C. § 3582(c)(1)(A)(i).  A reduction in sentence must consider the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).  The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant.  See *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction and the defendant not pose a danger to the public.  U.S.S.G. § 1B1.13(a)-(b).  The policy statement was amended on November 1, 2023, to reflect that a defendant may initiate motions for compassionate release which a Court may, in its own discretion, grant or deny. U.S.S.G. § 1B1.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release. See id.; 2023 Amendments in Brief, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited July 9, 2026).  These reasons include:

(1) Medical Circumstances of the Defendant

    (B) The defendant is—

        (i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C)     The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(3)     Family Circumstances of the Defendant.—

(C)     The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

U.S.S.G. §§ 1B1.13(b)(1)(B)-(C) & 1B1.13(b)(3)(C).

Upon review of the filings and the record as a whole, the Court finds no "extraordinary and compelling" reason to grant Defendant's motion for compassionate release/reduction of sentence.  Initially, Defendant provides no evidence that his unidentified growths constitute a serious physical or medical condition that in any way diminishes his ability to care for himself in prison.  *See* U.S.S.G. § 1B1.13(b)(1).  This conclusion is supported by Defendant's own exhibit, which indicates that his condition is stable and recommends only further monitoring.  [Doc. No. 144-1].  Similarly, Defendant provides no support for his claim that his mother is incapacitated or that he would be her only available

caregiver.  *See* U.S.S.G. § 1B1.13(b)(3)(C).  Lastly, while the Court acknowledges Defendant's rehabilitative efforts in prison, such efforts cannot, by themselves, constitute extraordinary and compelling reasons for compassionate release.  *See* U.S.S.G. § 1B1.13(d) ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of" compassionate release).

Even if the Court had found extraordinary and compelling reasons, which it does not, the sentencing factors set forth in § 3553(a) do not support a reduction in Defendant's sentence.  The presence of firearms during the commission of drug-trafficking crimes, used to protect drugs or drug proceeds and embolden traffickers in their receipt, storage, and distribution of drugs, drastically increases the danger in serious criminal activity.  Releasing Defendant would undermine the seriousness of Defendant's crime and fail to provide just punishment or adequate deterrence to similar, continued criminal conduct.  Furthermore, nothing in this record establishes that Defendant would not be a danger to the public if he were to be released.  As such, having considered each of the sentencing factors set forth in § 3553(a), the Court finds that ` release is not warranted at this time.

Accordingly, based upon the foregoing, and on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate

5

Release, [Doc. No. 144], is **DENIED**.

Dated this 21st day of July, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE